```
             UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA


   UNITED STATES OF AMERICA      :
                                 :
         Plaintiff,              :  Criminal Action
                                 :  No. 18-115
   v.                            :
                                 :
   MAURICE MICHELI,              :  May 18, 2018
                                 :  11:22 a.m.
                                 :
                                 :
         Defendant.              :  Washington, D.C.
                                 :
   ............................. :
```

**TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
BEFORE THE HONORABLE PAUL L. FRIEDMAN,
UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

For the United States:  **Maia Luckner Miller, Assistant U.S. Attorney**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
National Security Section
555 4th Street NW
Office 11-445
Washington, DC 20530
(202) 252-6805
Email: Maia.miller@usdoj.gov

For the Defendant:  **Tony W. Miles, Assistant Federal Public Defender**
FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF COLUMBIA
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500
Fax: (202) 208-7515
Email: Tony_miles@fd.org

For the Probation Department:  **Melvin Tildon, Pretrial Services Officer**

*Scott L. Wallace, RDR, CRR, Official Court Reporter
(202)354-3196 * scottlyn01@aol.com*

```
APPEARANCES:   Cont.


Court Reporter:                 Scott L. Wallace, RDR, CRR
                                Official Court Reporter
                                Room 6503, U.S. Courthouse
                                Washington, D.C. 20001
                                202.354.3196
                                scottlyn01@aol.com
```

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

*1*      **MORNING SESSION, MAY 18, 2018**

*2*  (11:43 a.m.)

*3*       THE COURTROOM CLERK:  Your Honor, this is Criminal Case
*4*  Number 18-115, *United States of America versus Dominic Lawrence*
*5*  *Micheli*.  The defendant is present.  Will counsel please approach
*6*  the podium and identify yourselves for the record.
*7*       MS. MILLER:  Good morning, Your Honor.  Maia Miller on
*8*  behalf of the United States, and I apologize for my tardiness.
*9*       THE COURT:  I should blame Judge Moss, not you.
*10*       MS. MILLER:  The defendant was a little lengthy.  Thank
*11*  you, Your Honor.
*12*       MR. MILES:  Good morning, Your Honor.  Tony Miles for
*13*  Micheli.
*14*       THE COURT:  Okay.  Good morning.  Mr. Micheli, good
*15*  morning.
*16*       THE DEFENDANT:  Good morning.
*17*       THE COURT:  And from pretrial.
*18*       THE PROBATION OFFICER:  Good morning, Your Honor.  Melvin
*19*  Tildon for Pretrial Services.
*20*       THE COURT:  Okay.  So who wants to say what?  Who wants to
*21*  start?
*22*       THE PROBATION OFFICER:  I will.
*23*       THE COURT:  All right.  Go ahead.  Do you all have
*24*  Mr. Tildon's report dated today, May 17th [sic]?  I have an
*25*  earlier one, but he just handed up one dated today, May 17th.

*1*         MR. MILES:  Thursday.  Mine says Thursday, May 17th.

*2*         THE COURT:  You're correct.  Today is Friday.

*3*         MR. MILES:  Yes, I have that report.

*4*         THE PROBATION OFFICER:  Good morning, Your Honor.

*5* Mr. Micheli has arrived to the halfway house, Hope Village, on

*6* 5-15 of this week.  He did report down for a mental health

*7* assessment just this morning.  The results of that were

*8* inconclusive.

*9*         THE COURT:  An assessment for?

*10*         THE PROBATION OFFICER:  A mental health assessment, Your

*11* Honor, was ordered with the release order.  And he completed that

*12* today with pretrial, but the results of that were inconclusive.

*13* They have decided that he should have a further assessment with

*14* the Department of Behavioral Health on Monday.

*15*         So, at this time, we aren't requesting any change in

*16* conditions.  We just wanted to inform the Court of that update.

*17*         THE COURT:  Okay.  But I guess I don't understand.  Maybe

*18* counsel can explain it to me.  There's a report on competency

*19* from Magistrate Judge Harvey dated the 14th, and as I read it,

*20* although it's not exactly a hundred percent clear, I think there

*21* was a finding that he's competent to assist his counsel and to

*22* participate in these proceedings and that he knows what's going

*23* on.  So what's the reason for the further assessment?  That

*24* doesn't have to do with competency, it has to do with mental

*25* health.

*1*   THE PROBATION OFFICER:  Yes.  This is just in regards to
*2* mental health.  My understanding is that services were being
*3* recommended as being needed, that it was a matter of not being
*4* eligible -- well, being unsure if he's eligible for our
*5* specialized supervision unit.  Competency is not in issue at this
*6* point.
*7*   THE COURT:  Competency is no longer at issue, as I
*8* understand it, so this is a mental health assessment, and there
*9* will be a further assessment on Monday.
*10*   THE PROBATION OFFICER:  Yes, sir.
*11*   THE COURT:  Okay.  I got it.
*12*   THE PROBATION OFFICER:  Thank you.
*13*   THE COURT:  And conditions, he's complying so far and he's
*14* at Hope Village and no change is recommended.
*15*   THE PROBATION OFFICER:  Yes, sir.
*16*   THE COURT:  Okay.  All right.  Mr. Miles, you can
*17* elucidate me.
*18*   MR. MILES:  I think -- did you want me to address those
*19* issues?
*20*   THE COURT:  Yeah, just so the record is clear as to what's
*21* happened, what's been found, and what's about to happen.
*22*   MR. MILES:  Sure, Your Honor.  What happened is the
*23* government had a question as to my client's competency.  In my
*24* discussions with my client, I informed the Court that I did not
*25* think competency was an issue, but there was a screening done

1  over at the Superior Court, and the person who screened him did
2  not find any problems with regard to competency, did not believe
3  competency was an issue.
4      So, as I understand Judge Harvey's order -- or not order,
5  but memo, it's that -- I don't think it was technically a
6  competency finding.  I think there's no reason that he even needs
7  to -- that we need to send him away under 4241 --
8      THE COURT:  -- for a longer period.
9      MR. MILES:  Exactly, because it does appear he's competent
10 at this stage.  And so that was my understanding of the
11 memorandum, and it was also my understanding that Judge Harvey,
12 as a condition of his release, wanted him assessed for mental
13 health treatment, but that was apart from any issue regarding
14 competency.
15     THE COURT:  Okay.  Anything you want to add, Ms. Miller,
16 on that?
17     MS. MILLER:  No, Your Honor.  That's consistent with the
18 government's recollection as well.
19     THE COURT:  Okay.  So where are we and what's going to
20 happen next?  This is a misdemeanor, right?
21     MS. MILLER:  Yes, Your Honor, and this is not a situation
22 where the government expects to return additional -- or to file
23 additional charges.
24     And for the record, I just provided Mr. Miles discovery,
25 which the government believes represents all of the discovery in

1  this matter.  It's not a very complex case.  But in the event
2  that they are -- I find additional materials to provide
3  Mr. Miles, I will do that very quickly on an expedited basis.
4         THE COURT:  Are there videotapes involved?
5         MS. MILLER:  I don't believe there are videotapes
6  involved.  I do believe there are radio run communications
7  because this -- the genesis of this case is the defendant's
8  interactions with the uniformed division or uniformed officers
9  with the Secret Service who were stationed outside of the White
10 House.  So I believe they got on the radio once a transport was
11 required, and that has been disclosed to Mr. Miles.
12        THE COURT:  Okay.  So what are we going to do next in this
13 case?
14        MR. MILES:  So, Your Honor, I've already -- Frankly, I
15 sent an e-mail -- we've had some discussions about trying to
16 resolve it, and I've asked for a diversionary disposition in this
17 case and am waiting for a response.  That was sent yesterday, so
18 I'm not -- in fairness, I didn't expect a response today, but --
19 so that's how we hope to resolve the case.
20        THE COURT:  So when -- so you think -- you're talking
21 about a plea followed by or diversion in lieu of a plea?
22        MR. MILES:  In lieu of a plea.
23        THE COURT:  Okay.  Where is Mr. -- does Mr. Micheli live
24 in this area?
25        MR. MILES:  No.

*1*        THE COURT:  Okay.
*2*        MR. MILES:  He had been --
*3*        THE COURT:  And so that's why he's at Hope Village?
*4*        MR. MILES:  Yes.
*5*        THE COURT:  So timing.  When do you want to do whatever
*6* we're going to do?
*7*        MR. MILES:  I would defer to the government.  I don't know
*8* how long it will take for her to get back to our request -- with
*9* regard to my request.
*10*        THE COURT:  Ms. Miller.
*11*        MS. MILLER:  I'm able to respond.  The government is
*12* rejecting the defendant's offer of resolution, and maintains our
*13* initial plea, which is we will not oppose -- if the defendant
*14* pleads guilty to the charge that he's facing, the government will
*15* not oppose proceeding to sentencing as quickly as the defendant
*16* would like and will not oppose time served, and the government's
*17* in a position of leaving it open to defense counsel's preference
*18* of the mechanism of the sentencing argument on behalf of the
*19* government, meaning we certainly are happy to entertain -- I'm
*20* not sure if a (C) plea is available in a misdemeanor, but to the
*21* extent a (C) plea is available in a misdemeanor, the government
*22* wouldn't oppose a request to present Your Honor with a (C) plea
*23* to time served.
*24*        And if that's not an option, the government certainly
*25* would not oppose a request that the government agree to allocute

*1* for time served and not oppose the defendant's request for time
*2* served.
*3*       THE COURT:  So, it doesn't sound like diversion is still
*4* on the table, but if you want to keep talking, I'm sure
*5* Ms. Miller will make herself available to talk.
*6*       MR. MILES:  We will do that, Your Honor.  We just learned
*7* of that a moment ago.  So I suggest two or three weeks, that we
*8* come back for a status to see if we are able to resolve this
*9* matter.
*10*       THE COURT:  Okay.  Well, why don't we do this:  Today is
*11* the 18th.  Can we put it down -- We'll agree on a date in a
*12* minute.  I would suggest I put it down on my calendar for either
*13* a status conference or a plea so that if your discussions about
*14* first offender treatment don't work, and given what Ms. Miller
*15* said, presumably the plea papers could be prepared reasonably
*16* quickly.  So, if all of your discussions lead to the conclusion
*17* that there's going to have to be a plea and your client agrees --
*18* I mean, he doesn't have to plea, it's his decision, obviously.
*19* I'll put it on my calendar for a status conference or plea and
*20* we'll see where we are.
*21*       MR. MILES:  Sure.
*22*       THE COURT:  And I'm not forcing anybody into anything.
*23* Today's the 18th.  Can we do it the week of the 11th?
*24*       MR. MILES:  Yes, Your Honor.
*25*       THE COURT:  Because I'm away the week of the 4th.

*1*       MS. MILLER: That's fine for the government. The only day
*2* that would be bad for me would be the 15th and the 13th, but
*3* otherwise I'm completely open.
*4*       THE COURT: I'm happy to do it the morning of the 12th or
*5* the morning of the 14th.
*6*       MR. MILES: How about the morning of the 14th, Your Honor?
*7*       THE COURT: Okay. So that's Thursday, June 14th. What
*8* time?
*9*       MS. MILLER: 10:00 works if you want to do the morning.
*10* If you would like to do earlier, that's fine for the government.
*11*       THE COURT: Are you sure that's all right with Judge Moss.
*12*       MS. MILLER: Judge, I'm not before -- certainly I
*13* appreciate that. That's not until the end of June.
*14*       MR. MILES: 10:00.
*15*       THE COURT: 10:00 on June 14th. And if it turns out it's
*16* going to be a plea, Ms. Miller, would you make sure that I've got
*17* those papers at least the day before so I can look at them before
*18* I come to court?
*19*       MS. MILLER: Yes, Your Honor.
*20*       THE COURT: And if the idea is an immediate sentencing,
*21* then we -- I'm happy to do that, if that's what everybody wants
*22* to do.
*23*       MS. MILLER: Yes, Your Honor. I'll make sure -- if it
*24* turns out from the government's perspective -- you know, if the
*25* defendant accepts our plea offer and we proceed to sentencing on

*1*   that date, I also will make sure that when we submit the plea
*2*   paperwork that I'll submit a government's memorandum in aid of
*3*   sentencing, although I don't know if we really would submit a
*4*   memorandum in aid of sentencing since we agree to time served.
*5*              THE COURT:  Well --
*6*              MS. MILLER:  But I might put something on the record.
*7*              THE COURT:  And again, you're going to look into
*8*   whether -- I haven't looked just now whether a (C) plea is
*9*   available on a misdemeanor.  Otherwise, your representations will
*10*  have to be in the plea letter and/or in some other document or
*11*  both.
*12*             And so -- and Mr. Miles, you have -- you have explained to
*13*  your client what's going on and you will explain further to make
*14*  sure he fully understands the discussions that we've just had on
*15*  the record?
*16*             MR. MILES:  Yes.
*17*             THE COURT:  Okay.  So, stay at Hope Village.  Pretrial
*18*  will let you and me know if there's any problems.  He'll have a
*19*  further mental health assessment on Monday, and the government
*20*  and the defense will continue talking to each other and see if
*21*  Mr. Miles can be his often persuasive self with the government.
*22*  And if not, we'll see what the alternatives -- we know what the
*23*  alternative is, and we'll see if that's agreeable to the
*24*  defendant.
*25*             MS. MILLER:  The only other thing I would add, Your Honor,

*1* is I'm not sure with the misdemeanor, but is this a situation
*2* where we need to exclude time from the Speedy Trial Act
*3* computations between now and --
*4*     THE COURT: There are no motions sitting on the calendar?
*5*     MS. MILLER: There are no motions, although now the
*6* parties are entering into plea discussions where it seems as
*7* though Mr. Miles may want more time and in the interest of
*8* justice to pitch my office.
*9*     THE COURT: I agree. Have you talked to your client?
*10*     MR. MILES: I have already, Your Honor. I anticipated
*11* this may be an issue today, and because I will take another stab
*12* at diversion, I think it's in his -- certainly in his interest, I
*13* would argue, and the public's interest that we exclude time
*14* between today and the 14th of June, and we believe that interest
*15* outweighs his interest and the public's interest in a speedy
*16* trial.
*17*     THE COURT: Mr. Micheli, could you stand up for a minute,
*18* please? Good morning.
*19*     THE DEFENDANT: Good morning.
*20*     THE COURT: Do you understand that you have a right to a
*21* speedy trial?
*22*     THE DEFENDANT: Yes.
*23*     THE COURT: And are you willing to give up that right
*24* between now and when we come back here on June 14th to allow your
*25* lawyer to spend some time talking with the government about a

1  resolution of this case?

2     THE DEFENDANT:  Yes, I am.

3     THE COURT:  Okay.  Good.  Thank you.  Feel free to call

4  Mr. Miles any time you need to and talk to him.  He'll come tell

5  me if there's anything I need to know.

6     THE DEFENDANT:  I will.

7     THE COURT:  Okay.  Thank you.  So, I find for the reasons

8  that Mr. Miles and Ms. Miller just stated, and with the agreement

9  of the defendant, that it's in the interest of justice to toll

10 the running of the speedy trial between now and June 14th when we

11 will be back here again.  So, is there anything else anybody

12 wants to raise?

13    MR. MILES:  No, Your Honor.  Thank you.

14    MS. MILLER:  No, Your Honor.

15    THE COURT:  Okay.  All right.  Until this afternoon.

16    (Proceedings adjourned at 11:58 a.m.)

**C E R T I F I C A T E**

19    I, Scott L. Wallace, RDR-CRR, certify that
20 the foregoing is a correct transcript from the record of
   proceedings in the above-entitled matter.

22    /s/ Scott L. Wallace                    6/7/18
   ----------------------------      ----------------
     **Scott L. Wallace, RDR, CRR**               **Date**
23      **Official Court Reporter**